THE PEOPLE *v.* RAMOS.

APPEAL from the District Court of Arecibo.

No. 96.—Decided December 19, 1907.

CRIMES AGAINST THE EXECUTIVE POWER—AGAINST PUBLIC JUSTICE—ASSAULT
AND BATTERY WITH AGGRAVATED CIRCUMSTANCES.—The crime defined in section 137 of the Penal Code as well as in section 84 of the same code, like the crime defined in subdivision 1 of section 6 of the Act of March 10, 1904, defining and punishing assault and battery, are in one respect entirely similar, in that the assaulted person is a public official; but they differ in that the purpose of the two first mentioned is to prevent a public official from complying with his duty; under section 137, without employing threats or violence, and under section 84, by employing such threats or violence, which is not the purpose of the crime of assault, although violence is an element thereof.

ID.—The fact that the accused in the case at bar by means of threats prevented a sanitary inspector from serving notice of an order of a sanitary officer, the inspector having to go to the extent of calling upon a policeman to serve the notice, is a crime clearly defined by section 84 of the Penal Code and cannot

be punished in accordance with section 137 of the said code because it is not included therein.

ID.—Sanitary inspectors are municipal officials who must be regarded as executive officials for the purposes of section 84 of the Penal Code.

ID.—FELONY—JURISDICTION.—The crime defined and punished in section 84 of the Penal Code is a felony, and municipal courts have no jurisdiction thereof.

The facts are stated in the opinion.

*Mr. Campillo* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

The following complaint was filed in the Municipal Court of Manatí:

"In Manatí, this 7th day of December, 1906, Enrique Villamil, a sanitary inspector residing in Manatí, appeared before me, the judge of the municipal court, and, after being duly sworn, testified as follows: That he makes a criminal complaint against Virgilio Ramos Casellas, of Manatí, residing in the said town, charging him with the commission of a crime against public justice, committed in the following manner: On this day, at 12.30 p. m., the deponent went to the establishment of the accused, situated on McKinley Street, in this town, to serve upon Ramos Casellas an order from the sanitary officer concerning the milk depot, and upon showing said order to Ramos, the latter, wilfully and without showing any desire to read it, ordered him to withdraw from the place saying he would kill the complainant as he was shameless and, suiting his action to his words, he opened a drawer in the counter, took out a revolver and threatened the complainant therewith, forcing him to leave the place at once in order to avoid the assault and to call on Policeman Martorani for aid to get the said order of the sanitary officer signed. The witnesses were Blas Martorani, Insular Policeman Antonio García, Plácido Cebollero, Ramón Fernández, and Tomás Soriano, of Manatí. After reading and ratifying the complaint he signed it. (Signed) Enrique Villamil. (Signed) Felix Córdova Dávila, Municipal Judge."

With this complaint as a basis, the defendant, Virgilio Ramos Casellas, was retried in the District Court of Arecibo upon appeal taken from the judgment of the Municipal Court of Manatí, and said court found Ramos Casellas guilty of a crime against public justice defined in section 137 of the Penal Code, and consequently sentenced him to pay a fine of $100

and to imprisonment in jail for two months, with the costs of both instances against him. The judgment has come to this Supreme Court for review on appeal taken by Ramos Casellas.

The appellant alleges the following grounds in support of his appeal:

"1. That the district court erred in classifying the act complained of as constituting the crime provided for in section 137 of the Penal Code, because in view of the provisions of section 84 of said Code the former section cannot be applied to this case.

"2. That the complaint lacks the essential requisites prescribed by the law: (*a*) Because although it alleges that the crime was committed in Manatí, it is not stated in what district it occurred or to what district the town of Manatí belongs; (*b*) because it does not appear from the complaint that the order which it was sought to serve upon the defendant had been issued by an official having the authority to make such an order, and that he was of competent jurisdiction; (*c*) because the complaint does not affirm that the aggrieved person was a public official; (*d*) because the complaint does not state that the defendant committed the acts with which he is charged against the aggrieved person, knowing that he was assaulting such person in the capacity of a public official.

"3. That the *fiscal* did not establish the following matters at the trial necessary to prove the crime: (*a*) That the aggrieved party, Enrique Villamil, was a duly appointed sanitary inspector; (*b*) that among the duties of his office was that of serving the orders issued by the sanitary officer; (*c*) that the order which Villamil attempted to serve on the defendant was issued by the sanitary officer with authority and jurisdiction to issue it; and (*d*) that the defendant knew that Villamil was a sanitary inspector and was acting in such capacity."

Let us examine the first ground of the appeal.

Section 137 of the Penal Code, under which it is held the act charged is comprised, reads as follows:

"Section 137. Every person who wilfully resists, delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by fine not exceeding $5,000, and imprisonment in the jail not exceeding five years."

From the language of the complaint it may be clearly seen that when Sanitary Inspector Enrique Villamil went to serve an order from the santiary officer concerning a milk depot on Virgilio Ramos Casellas, Ramos prevented the service of such order, compelling the inspector by threats to withdraw, and forcing him to appeal to Insular Policeman Martorani to secure the signature of Ramos Casellas.

In order that the acts charged might come under the provisions of section 137 of the Penal Code above transcribed, it would be necessary that the Code should contain no other penal sanction than that established by said section.

The provisions of law which may be applicable to the case are section 84 of the Penal Code and the Act of March 10, 1904, to define and punish simple assault, simple assault and battery, aggravated assault and aggravated assault and battery, and to repeal section 237 of the Penal Code.

Section 84 of the Penal Code provides:

"Section 84. Every person who attempts by means of any threat or violence to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer in the performance of his duty, it punishable by fine not exceeding $5,000, and imprisonment in the penitentiary not exceeding five years."

Sections 1, 6 and 8 of the aforementioned Act of March 10, 1904, read as follows:

"Section 1. The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself an immediate intention, coupled with an ability to commit a battery, is an assault.

"Section 6. An assault and battery becomes aggravated when committed under any of the following circumstances: 1. When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty.   *   *   *

"Section 8. The punishment for an aggravated assault, or aggravated assault and battery, shall be a fine of not less than $50 nor more than $1,000, or imprisonment in jail not less than one month nor more than two years, or by both such fine and imprisonment."

In view of the language of sections 84 and 137 of the Penal Code, and of sections 1, 6 and 8 of the Act of March 10, 1904, we are of the opinion that the crime defined in section 137 of the Penal Code as well as that comprised under section 84 thereof, like the crime of assault where the aggravated circumstance consists in that the person assaulted is a public official, are in one respect entirely similar, and that is that the aggrieved person is a public official; but they differ in that the purpose of the two first mentioned is to prevent a public official from discharging a duty imposed by his office under section 137 without the use of threats or violence, and under section 84, with the use of such threats or violence, and such acts do not constitute the crime of assault upon a public official, although there be an attempt or threat to employ violence in the commission thereof.

The acts alleged in the complaint do not constitute the crime of assault upon an executive or public officer, because they possess an element which is foreign to such crime, consisting in preventing a public officer from discharging the duties of his office, an element which brings such acts within the class of crime comprised in sections 137 or 84 of the Penal Code.

Section 137, under which the trial judge considers the crime to be included, is not applicable to this case, as it would be if the acts denounced were not clearly comprised under section 84, because the complaint alleges acts showing that the defendant attempted and succeeded by threats against the person of Enrique Villamil, the sanitary inspector, in preventing him from serving an order of the sanitary officer of Manatí concerning a milk stand. This threat is not characteristic of the crime defined in section 137 of the Penal Code, and

although the sanitary inspector may be considered a public officer by reason of the fact that he participates in the discharge of public functions, he may also be considered to come under the specific term of an executive officer, because his duties are related to the branch of sanitation, which is one of the objectives of the executive power.

Sanitary inspectors are employes of the municipality, and it is their duty to enforce the observance of the sanitary laws and ordinances, according to section 734 of the Revised Statutes, and they are therefore executive officers; but, if it were not desired to so classify them, they would in any event be municipal officers and should therefore be considered executive officers for the purposes of section 84 of the Penal Code, according to the provisions of section 94 of said Code.

As the crime charged in the complaint against Virgilio Ramos Casellas is a felony, according to section 14 of the Penal Code, inasmuch as it is punishable by a fine of $5,000 and imprisonment in the penitentiary for a period not exceeding five years, the Municipal Court of Manatí lacked jurisdiction to take cognizance thereof, according to section 4 of the Act of March 10, 1904, to recognize the judiciary of Porto Rico, and therefore the judgment it rendered in this case is void, as is also that rendered by the District Court of Arecibo, which is the judgment from which an appeal has been taken to this Supreme Court, because said court should have taken original jurisdiction of the crime, complying with all the formalities prescribed by law in cases of felony.

The provisions of section 44 of the Penal Code cannot be invoked in support of the judgment appealed from, because according to that section an act or omission which is made punishable in different ways by different provisions of the Code may be punished under either of such provisions, inasmuch as the act complained of is not made punishable by different provisions of the Code, but is made punishable by the provisions of section 84 of the Penal Code, and it cannot be

considered as comprised under the provisions of section 137 thereof or under the sections of the Act of March 10 above transcribed; this aside from the fact that in no event could the former section be applicable thereto, owing to the lack of jurisdiction of the Manatí court to take cognizance of the complaint which gave rise to the proceedings, and the consequent lack of jurisdiction in the Arecibo court to take cognizance on appeal of an act with respect to which it had original jurisdiction.

Holding as we do the judgment appealed from to be void on the first ground alleged in support of the appeal, it would be superfluous to examine the other grounds thereof.

For the reasons stated we hold that the judgment of the District Court of Arecibo sentencing Virgilio Ramos Casellás to pay a fine of $100 and to be confined in jail for two months for the commission of a crime against public justice, comprised under section 137 of the Penal Code, should be declared void and reversed, and that this decision be communicated to the court below in order that a new trial may be held, and for such other action as may be proper under the law.

*Reversed.*

Chief Justice Quiñones and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.